**Jaswinder KAUR, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 07–2004–ag.

United States Court of Appeals, Second Circuit.

Feb. 4, 2008.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Terri J. Scadron, Assistant Director; Joan H. Hogan, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Jaswinder Kaur, a native and citizen of India, seeks review of an April 24, 2007 order of the BIA affirming the March 17, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jaswinder Kaur,* No. A75 565 000 (B.I.A. Apr. 24, 2007), *aff'g* No. A75 565 000 (Immig. Ct. N.Y. City Mar. 17, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (*en banc*). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

We find that agency's adverse credibility determination is supported by substantial evidence. The IJ observed in his decision that the repeated inconsistencies in Kaur's testimony suggested that she had "simply failed to memorize a pre-conceived script." To the extent that this was an observation of Kaur's demeanor, we afford deference to that finding. *Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). The IJ also explicitly noted several inconsistences in Kaur's testimony: 1) Kaur indicated in her asylum application that police had attempted to rape her in front of her husband, but testified that she was separated from her husband before the police officers tried to rape her; 2) Kaur claimed in the sworn statement accompanying her asylum application that she was able to visit her husband every month during his three month detention in 1994, but she testified that she was not permitted to visit him during that time; 3) Kaur alleged in her asylum application that her husband returned in August 1995 after his "disappearance" in 1994, but then testified that he returned in July 1995; 4) Kaur testified to her complete ignorance of her husband's whereabouts after he "disappeared" from detention in 1994, but her own evidence explained that he was in hiding; 5) Kaur initially testified that she was arrested in January 1996, but then retracted that statement, claiming that she had not been arrested a fourth time; and 6) Kaur gave conflicting testimony and did not seem to know whether she belonged to the Amirt Dhoric sect of Sikhism or the Shaij Dharic sect of Sikhism.

We have held that, to form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). At the same time, we have held that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . .the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted). Here, we find that several of the agency's findings were substantial when measured against the record as a whole.[1] While others may properly be characterized as ancillary, they were properly considered for their cumulative effect on Kaur's credibility.

Taken together, the inconsistencies and discrepancies that the agency properly identified in the record provide substantial evidence in support of the agency's adverse credibility determination. As such, its denial of Kaur's asylum claim was proper.

Kaur based her claim for withholding of removal and CAT relief on the same factual predicate as her asylum claim. Accordingly, the IJ's adverse credibility finding necessarily precludes the withholding of removal and CAT claims as well. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending mo-

---

1. To the extent that the agency relied on its finding that Kaur demonstrated "only a rudimentary knowledge of the precepts of Sikhism" in making its adverse credibility determination, it did so in error. *See Yose Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006) ("Both history and common sense make amply clear that people can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion's doctrinal tenets, and that those same people can be persecuted for their religious affiliation."). However, we find that remand would be futile on that basis because the IJ's determination is amply supported by the non-erroneous findings that we have identified. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006).

tion for a stay of removal in this petition is DISMISSED as moot.